IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JIMMY CALDWELL, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. CIV-22-00340-JD |
| ) | |
| JANET DOWLING, ) | |
| ) | |
| Respondent. ) | |

# ORDER

This matter is before the Court for review of the Report and Recommendation ("R. & R.") [Doc. No. 6] issued by United States Magistrate Judge Suzanne Mitchell pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). Upon a careful, de novo review of the issues presented, and for the reasons stated below, the Court accepts and adopts Judge Mitchell's R. & R. as modified in this Order and dismisses with prejudice Petitioner Jimmy Caldwell's habeas petition as untimely under 28 U.S.C. § 2244(d). The Court also denies a certificate of appealability.

I. **BACKGROUND**

This case presents with a somewhat unique procedural posture. Mr. Caldwell, a state prisoner proceeding pro se, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 2004 conviction and sentence in Pottawatomie County District Court. [Doc. No. 1]. On June 23, 2022, Judge Mitchell issued her R. & R. and recommended that Mr. Caldwell's habeas petition be dismissed in its entirety as untimely under the one-year limitations period of 28 U.S.C. § 2244(d)(1)(A). Judge Mitchell also

concluded that there was no basis for statutory or equitable tolling of the one-year limitations period.

Judge Mitchell advised Mr. Caldwell of his right to object to the R. & R. and directed that any objection be filed on or before July 14, 2022. R. & R. at 12. Judge Mitchell further advised Mr. Caldwell that any failure to object would result in waiver of the right to appellate review. *Id.* at 13. The deadline for filing objections has passed. To date, Mr. Caldwell has not filed objections and has not sought an extension of time in which to do so. Instead, Mr. Caldwell filed a Motion for Certificate of Appealability [Doc. No. 7] and a Notice of Appeal [Doc. No. 8] on July 14, 2022.

In response, the Tenth Circuit issued a show cause order to Mr. Caldwell directing him to file a written response setting forth any basis for that court's exercise of appellate jurisdiction over Judge Mitchell's R. & R. *See Caldwell v. Dowling*, Case No. 22-6118 (10th Cir. 2022). Alternatively, the Tenth Circuit advised that Mr. Caldwell could file a motion voluntarily dismissing his appeal and further advised that Mr. Caldwell could file a new appeal upon entry of a final decision by this Court. Mr. Caldwell filed a motion to dismiss the appeal on August 1, 2022. The Tenth Circuit granted the motion to dismiss and issued a mandate transferring jurisdiction back to this Court on August 2, 2022. [*See* Doc. Nos. 11–12].

Before the Court could issue an Order, however, Mr. Caldwell filed a second Motion for Certificate of Appealability [Doc. No. 13] and a second Notice of Appeal [Doc. No. 14].

In response, the Tenth Circuit entered an order sua sponte on August 18, 2022, dismissing Mr. Caldwell's appeal and explaining it lacked jurisdiction to consider the appeal because the district court still had not entered a final judgment. *See Caldwell v. Dowling*, Case No. 22-6143 (10th Cir. 2022); *see also* [Doc. No. 17].

Thus, this matter is properly before this Court. And, although Mr. Caldwell has not filed objections to Judge Mitchell's R. & R., the Court will liberally construe his two Motions for Certificate of Appealability [Doc. Nos. 7 & 13] as objections to the R. & R. and make a de novo determination of those portions of the R. & R. "to which objection is made." *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3).[1]

## II. <u>ANALYSIS</u>

In his Motions for Certificate of Appealability, Mr. Caldwell does not dispute Judge Mitchell's historical account of the state court proceedings, nor does he dispute that he failed to file his habeas petition within the one-year limitations period; thus, the Court accepts that portion of the R. & R.[2] Rather, Mr. Caldwell reasserts his argument that the time limitations under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") do not apply and cannot bar his habeas petition "because his conviction was

---

[1] Because Mr. Caldwell is proceeding pro se, the Court must construe his pleadings "liberally" and hold them "to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972), and *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

[2] Mr. Caldwell waives further review of any issues as to which no specific objection is made. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

never final" since the state trial court lacked jurisdiction to convict him. [Doc. No. 7 at 1]; [*see also* Doc. No. 13 at 1].

A.     **Mr. Caldwell did not timely file his federal habeas petition.**

With respect to Mr. Caldwell's argument challenging application of AEDPA, the Court adopts Judge Mitchell's analysis, with some modifications. AEDPA establishes a one-year statute of limitations period during which a person in state custody may file a habeas petition. 28 U.S.C. § 2244(d); *see also Fontenot v. Crow*, 4 F.4th 982, 1028 (10th Cir. 2021). Unless a petitioner alleges facts implicating § 2244(d)(1)(B), (C), or (D), "[t]he limitations period generally runs from the date on which the state judgment became final[,] . . . but is tolled during the time state post-conviction review is pending." *Preston v. Gibson*, 234 F.3d 1118, 1120 (10th Cir. 2000). Mr. Caldwell entered a no contest plea on July 14, 2004, and was sentenced on September 1, 2004. He did not move to withdraw his no contest plea within 10 days of the pronouncement of the judgment and sentence; therefore, his conviction became final on September 13, 2004.[3] *See* Rule 4.2(A), Rules of the Oklahoma Court of Criminal Appeals, Okla. Stat. tit. 22, ch. 18, App. Thus, his statutory one-year limitations period began to run the following day, and

---

[3] *See* Rules 1.4 and 1.5, Rules of the Oklahoma Court of Criminal Appeals, Okla. Stat. tit. 22, ch. 18, App., which note that "[t]he computation of the time period for perfecting an appeal commences to run on the date the judgment and sentence is pronounced" and that "[i]n computing a time limit prescribed in these Rules, the first day shall be excluded and the last included to complete the time period." Further, "[w]hen any filing deadline falls on a day when the Clerk's office is closed, the filing due date will be on the next day that the Clerk's office is open for the performance of public business." Thus, Mr. Caldwell's filing deadline for a direct appeal would have been Monday, September 13, 2004, because 10 days would have fallen on September 11, 2004, which was a Saturday.

absent any tolling, expired one year later on September 14, 2005. *See United States v. Hurst*, 322 F.3d 1256, 1260 (10th Cir. 2003) (adopting the anniversary method of Fed. R. Civ. P. 6(a) wherein "the day of the act . . . from which the designated period of time begins to run shall not be included").

Mr. Caldwell lists his sentencing date as July 14, 2004, in his habeas petition [Doc. No. 1 at 1], and Judge Mitchell accepted that date and calculated the AEDPA limitations period based on that date. *See* R. & R. at 6–7. The Court, upon de novo review of the record, however, finds that Mr. Caldwell entered his no contest plea on July 14, 2004, but he was not sentenced until September 1, 2004. *See* [Doc. No. 1-1 at 1]; *see also* the electronic docket report for *State of Oklahoma v. Jimmy Caldwell*, Case No. CF-2003-00411, District Court of Pottawatomie County, Oklahoma, which the Court judicially notices.[4] Judge Mitchell's use of the earlier date does not fundamentally change her analysis or this Court's adoption of her analysis, but the Court does note the modification for purposes of the record.

**B.    Mr. Caldwell cannot invoke *McGirt v. Oklahoma*, 140 S. Ct. 2452 (2020) to obtain a later start date under § 2244(d)(1)(C) or § 2244(d)(1)(D).**

Judge Mitchell concluded that Mr. Caldwell could not invoke *McGirt* to obtain a later start date for his statutory year under § 2244(d)(1)(C) or § 2244(d)(1)(D). The Court concurs and cannot add significantly to Judge Mitchell's thorough analysis on this issue, except to offer the additional case citations supporting same. *See* R. & R. at 8–12; *see*

---

[4] https://www.oscn.net/dockets/GetCaseInformation.aspx?db=pottawatomie&number=CF-2003-00411&cmid=15711 (last visited Aug. 23, 2022).

*also Lamarr v. Nunn*, No. 22-6063, 2022 WL 2678602, at *2 n.2 (10th Cir. July 12, 2022) (unpublished) (noting that "*McGirt* [did not] establish a new constitutional right that would trigger a new date for the limitations period") (citing *Hill v. Nunn*, No. 22-6042, 2022 WL 2154997, at *1 (10th Cir. June 15, 2022) (unpublished)).

**C.      Mr. Caldwell's claim that AEDPA does not apply and cannot bar his habeas petition is meritless.**

Mr. Caldwell's sole argument is that the state court lacked jurisdiction to convict him "because he is native and the offense . . . charged occurred in Indian country[,]" thus "the AEDPA does not apply to him because his conviction was never final . . . ." [Doc. Nos. 7 & 13]. "This argument is meritless." *Lamarr*, 2022 WL 2678602, at *2. The Tenth Circuit has repeatedly rejected this argument by concluding that "a habeas claim predicated on a convicting court's lack of subject matter jurisdiction 'is subject to dismissal for untimeliness.'" *Id.* (quoting *Morales v. Jones*, 417 F. App'x 746, 749 (10th Cir. 2011) (unpublished)); *see also Murrell v. Crow*, 793 F. App'x 675, 679 (10th Cir. 2019) (unpublished) (denying request for certificate of appealability about untimeliness of state prisoner's habeas claim that the state lacked jurisdiction to prosecute him); *United States v. Patrick*, 264 F. App'x 693, 694–95 (10th Cir. 2008) (unpublished) (declining to issue a certificate of appealability and dismissing appeal where petitioner-appellant challenged the district court's dismissal of an untimely habeas petition challenging the convicting court's subject-matter jurisdiction).

It is true that a person accused of a crime has a due process right to be tried in a court with jurisdiction over the matter. And it is equally true that habeas relief is available

6

to vindicate violations of due process. *See*, *e.g.*, *Yellowbear v. Wyo. Att'y Gen.*, 525 F.3d 921, 924 (10th Cir. 2008) (explaining that "[a]bsence of jurisdiction in the convicting court is indeed a basis for federal habeas corpus relief cognizable under the due process clause"). Nevertheless, "[a]s with any other habeas claim, [Mr. Caldwell's due process claim] is subject to dismissal for untimeliness." *Morales*, 417 F. App'x at 749; *see also Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (affirming the dismissal of a petitioner's due process habeas claim as time barred under AEDPA). AEDPA, thus, applies to Mr. Caldwell's petition, and absent tolling, his petition is time barred.

**D.      Mr. Caldwell is not entitled to statutory tolling of the limitations period.**

While Mr. Caldwell does not argue that AEDPA's limitations period should be tolled, it is worth noting that because Mr. Caldwell did not attempt to file any form of state post-conviction relief until September 8, 2020—after the limitations period had already expired—those efforts did not result in tolling under § 2244(d)(2). *See Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006) (explaining that "[o]nly state petitions for post-conviction relief filed within the one year allowed by AEDPA will toll the statute of limitations"). Thus, Mr. Caldwell is not entitled to statutory tolling of the limitations period.

**E.      Neither equitable tolling nor an equitable exception for miscarriage of justice is warranted in this case.**

Mr. Caldwell makes no argument that he is entitled to equitable tolling, and the Court finds that Mr. Caldwell has not alleged any extraordinary circumstances that would justify equitable tolling. "Generally, a litigant seeking equitable tolling bears the burden

7

of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Mr. Caldwell makes no such showing.

"To date, the Supreme Court has created only one 'equitable exception' to the one-year statute of limitations by permitting prisoners who assert a credible claim of actual innocence to obtain habeas review of untimely claims." *Greene v. Nunn*, No. 21-CV-0446-GKF-SH, 2022 WL 1997262, at *6, --- F. Supp. 3d ---- (N.D. Okla. June 6, 2022) (quoting *McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013)). "Even applying the rule of liberal construction, the Court does not discern any argument from [Mr. Caldwell] suggesting he is actually innocent" of the crime for which he was convicted. *Id.* Rather, Mr. Caldwell argues that he was wrongly prosecuted in state court because Oklahoma lacked criminal jurisdiction over the crime he committed in Indian country. These circumstances do not support equitable tolling or an equitable exception for miscarriage of justice.

**F.     The Court declines to issue a certificate of appealability.**

Under Rule 11(a) of the Rules Governing Section 2254 Cases, the Court must issue or deny a certificate of appealability when it enters a final order adverse to a petitioner. A certificate of appealability may issue only if Mr. Caldwell "has made a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."

*Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); *see Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. Upon consideration, the Court finds the requisite standard is not met in this case. Because Mr. Caldwell cannot make the required showing, the Court declines to issue a certificate of appealability.

### III.   CONCLUSION

Having carefully and thoroughly considered this matter de novo, and for the reasons discussed above, the Court:

(1)   ADOPTS the Report and Recommendation issued by United States Magistrate Judge Suzanne Mitchell [Doc. No. 6] as MODIFIED herein;

(2)   DISMISSES this action with prejudice[5] as untimely; and

(3)   DENIES Mr. Caldwell's Motions for Certificate of Appealability [Doc. Nos. 7 & 13].

---

[5] The Tenth Circuit recognizes that untimely habeas petitions should be dismissed with prejudice. *See McDowell v. Zavaras*, 417 F. App'x 755, 756–57 (10th Cir. 2011) (unpublished) (explaining that a habeas petition "denied as time-barred" is "a dismissal . . . on the merits") (citing cases); *Brown v. Roberts*, 177 F. App'x 774, 778 (10th Cir. 2006) (unpublished) ("Dismissal of a petition as time barred operates as a dismissal with prejudice . . . .").

IT IS SO ORDERED this 23rd day of August 2022.

_____
JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE